**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) No.  4:85CR49-SNL |
| | ) |
| **ROBERT KENT SMITH,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

There are two Rule 35(a) motions before the Court in this case. The first requests the Court to correct an illegal sentence at any time for offenses committed prior to November 1, 2987. The government has responded in opposition, and defendant has replied to the response.

The second is a "Motion to Order an Immediate Release" on a double-jeopardy assertion. Again, the government has responded and the defendant has replied to the response.

The tortured history of this case is set out in the Court's Memorandum Opinion dated April 12, 2007 addressing defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by person in federal custody in case no. 4:06CV500-SNL. That motion was denied, in effect, affirming this Court's sentence of November 2, 2005 of a six year period after a determination that defendant had violated his conditions of probation.

A certificate of appealability of the August 12, 2007 order was denied and on September 11, 2007 the United States Court of Appeals for the Eighth Circuit also refused to grant the defendant a certificate of appealability. The motion for rehearing en banc was also denied November 9, 2007. Defendant's first motion to correct an illegal sentence was then filed on December 4, 2007. The motion to order an immediate release was filed April 4, 2008 and both motions are now at issue.

## Discussion

The Court believes that both motions are untimely. In each motion, defendant asks the Court to correct an illegal sentence for offenses committed prior to November 1, 1987. The defendant was initially sentenced by Hon. Clyde S. Cahill, Jr. on November 15, 1985. An existing Rule 35(a) provides that: "Within seven (7) days after sentencing, the Court may correct a sentence that resulted from an arithmatical, technical or other clear error." This provision came into effect November 1, 1987 and obviously would not have been applicable to Judge Cahill's 1985 judgment.

The Rule 35 option for relief provided that an illegal sentence could be corrected at any time, however, such a motion presupposes a valid conviction and affords a procedure for bringing an improper sentence into conformity with the law. These included sentences in excess of the statutory maximum or otherwise unauthorized by statute, sentences that did not conform to the oral pronouncement of sentence, or sentences that were ambiguous with respect to the time and manner of service. The narrow function of Rule 35 before 1987 was to permit correction at anytime of an illegal sentence, but was not a means of collateral attack upon the proceedings that precede the sentence. Wright, King and Klein, <u>Federal Practice and Procedure</u>: Criminal 3d § 582. Assuming defendant has the right now to invoke Rule 35 relief prior to the 1987 amendments, his requests do not appear to be contemplated by the old rule.

While both motions refer to illegal sentences prior to November 1, 1987, and the Court assumes the reference is to Judge Cahill's judgment of 1985, the prayer of each motion attacks this Court's order of November 2, 2005 revoking defendant's probation and sentencing the defendant to six years imprisonment.

The prayer in defendant's motion to correct an illegal sentence urges "Therefore, the defendant respectfully contends, this honorable court should amend the judgment and commitment order to read five years -- instead of six -- to be in compliance with the law and the double jeopardy clause to the United States Constitution."

In defendant's motion to order an immediate release, he is, basically, attacking this Court's November 2, 2005 revocation of probation on the theory that he was subjected to double jeopardy by being sentenced

2

twice for possessing or constructively possessing the same counterfeit currency of the conspiracy.

Since the motion to correct an illegal sentence was filed December 4, 2007 and the motion to order an immediate release was filed April 4, 2008 they are untimely, as they are requesting relief from this Court's judgment of November 2, 2005. For these reasons, both motions should be denied. Nonetheless, the Court will address the motions on their merits.

## Motion to Correct an Illegal Sentence

Smith was found guilty following a jury trial of a violation of all five counts in the indictment. Counts I and II of the indictment alleged that defendant kept in possession and concealed, on different dates, between $350,000 and $2,000,000 of counterfeit currency with intent to defraud. In Counts III and IV, it was alleged in the indictment that defendant attempted to pass and sell, on different dates, $250,000 and $325,000 of counterfeit currency with intent to defraud. In Count V, it was alleged in the indictment that defendant conspired with others to manufacture, to attempt to pass and to conceal counterfeit currency with intent to defraud.

Smith asserts that the separate counts for counterfeiting, and the conspiracy count, constituted a single offense and that the maximum allowable penalty for those crimes was 15 years. Since he was serving a six-year term, he asserts that the Court should reduce his current sentence from six years to five years. This seems to be an incongruous argument as it would attack the original sentence as opposed to this Court's 2005 sentence for violation of supervised release. Nonetheless, it appears that defendant's argument is misplaced. In Harris v. U.S., 237 F.2d 274, 276 (8th Cir. 1956) there was a similar challenge to 18 U.S.C. § 472 which was the underlying statute the jury found defendant had violated. The Court held, in Harris, that the indictment can constitute "separate and distinct" offenses which permit an imposition of consecutive sentences. Harris, at 276. The same reasoning applies here and this Court determines that there were five separate and distinct charges set out in the indictment and not one offense as defendant alleges.

Hereto, the Court applies the rule in Blockburger v. U.S., 284 U.S. 299, 304 (1932) and determines

3

that each of the five counts required proof of an additional fact not necessarily required in the other counts. Obviously, the jury found all of these facts in determining that the defendant was guilty of each count. In this connection, a charge of conspiracy as was alleged in Count V of the indictment is a separate and distinct offense from the counterfeiting charges alleged in Counts 1, II, III and IV of the indictment. Callanan v. U.S., 364 U.S. 587, 593 (1961).

As previously set out, Judge Cahill sentenced the defendant on November 15, 1985. His judgment and conviction and was affirmed. U.S. v. Robert Kent Smith, 815 Fed.2d 711 (8th Cir. 1987) (unpub.). The relief requested in the current motion was not set out as an error in the appeal.

The failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. DeJan v. U.S., 208 F.3d 682, 685 (8th Cir. 2000), Coleman v. U.S., 205 WL 3021104 (E.D.Mo. 2005). The same reasoning should be applicable to a Rule 35(a) motion. For these reasons, the motion to correct an illegal sentence will be denied.

**Motion to Order an Immediate Release**

For all practical purposes, the assignment of error in this motion is similar to that in the previous motion. Defendant continues to argue that the five counts in the initial indictment constituted a single offense. The Court restates in response to this motion the same findings in connection with the first motion.

In addition, the Court adopts the position of the United States that the existing motion is nothing more than a request to file a successive § 2255 motion.

The Court's denial of defendant's § 2255 request for relief was dated April 12, 2007. This Court and the United States Court of Appeals for the Eighth Circuit denied defendant's request for a certificate of appealability from this Court's denial of defendant's § 2255 motion. The basic relief, which defendant seeks here, is the elimination of the sentence which he is now serving. As defendant's request for relief here is designed to test the legality of his conviction, it is, in effect, a § 2255 request for relief. U.S. v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). Accordingly, the request is a second or successive § 2255 motion, and can be

considered by a district court only when the Court of Appeals certifies that the motion is based on newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h).

The United States Court of Appeals for the Eighth Circuit has suggested a procedure the district court is to follow when it appears that it is confronted with a second, or successive, § 2255 motion.

> In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or 2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the court of Appeals.

Boyd v. U.S., 304 F.3d 813, 814 (8th Cir. 2002), cert. denied 538 U.S. 953 (2003).

Although Boyd involved a Rule 60(b) motion, the same reasoning is applicable to a Rule 35(a) motion. See U.S. v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

Having construed that defendant's motion to order an immediate release is a second or successive § 2255 motion, it should be dismissed for failure to obtain authorized authorization from the United States Court of Appeals for the Eighth Circuit.

Dated this   3rd   day of June, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE